# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51953

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 17, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HEATHER MARIE O'DONNELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Theodore Fleming and Jonathan Medema, District Judges.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for forgery, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Heather Marie O'Donnell was found guilty of forgery, Idaho Code § 18-3601. The district court sentenced O'Donnell to a unified term of ten years, with a minimum period of confinement of three years. O'Donnell filed an Idaho Criminal Rule 35 motion, which the district court denied. O'Donnell appeals, arguing that her sentence is excessive, more specifically, that she should have been sentenced to a lesser term of confinement or placed on probation. O'Donnell further argues that the district court erred in denying her Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction.  I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

Next, we review whether the district court erred in denying O'Donnell's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new or additional information submitted with O'Donnell's Rule 35 motion, we conclude no abuse of discretion has been shown.  Therefore, O'Donnell's judgment of conviction and sentence, and the district court's order denying O'Donnell's Rule 35 motion, are affirmed.